UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VICTOR MANUEL MALDONADO,
GUSTAVO PEREZ ZACA, ANTONIO
MIGUEL JIMENEZ, and RICARDO
ESPINOSA, individually and on behalf of
others similarly situated,

                              Plaintiffs,

-against-

CAPTAIN MIKE'S SEAFOOD
RESTAURANT, INC. (D/B/A MUDVILLE
9), FIUME LLC (D/B/A MUDVILLE 9),
ERIC B. SCHWIMMER, MARK ANDRUS,
and MIKE BAKALIAN,

                              Defendants.

Civ. No.: 1:18-cv-10499 (GHW)

------------------------------------------------------------x

## **NEGOTIATED SETTLEMENT AGREEMENT**

      WHEREAS, the Plaintiffs Victor Manuel Maldonado, Gustavo Perez Zaca, Antonio Miguel Jimenez, and Ricardo Espinosa ("Plaintiffs"), and Defendants Captain Mike's Seafood Restaurant, Inc. (d/b/a Mudville 9) ("Captain Mike's"), Fiume LLC (d/b/a Mudville 9), and Eric B. Schwimmer (collectively referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 1:18-cv-10499 (the "Lawsuit"), without further litigation or adjudication;

      WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

      WHEREAS, a *bona fide* dispute exists as to Plaintiffs' claims for alleged unpaid minimum wage and overtime wages;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. **Definition of Parties.**

    (a) "Releasors" shall be defined to include the Plaintiffs in this Lawsuit for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

    (b) "Releasees" shall be defined to include Defendants herein, and the current and former employees of any such entity, and any otherwise related persons or entities who Plaintiffs claim or may claim employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their respective employment at 126 Chambers Street, New York, New York, 10007.

2. **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiffs agree as follows:

    (a) Plaintiffs will sign this Agreement, and they authorize their attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit A;

    (b) With the exception of the administrative charge that Plaintiff Espinosa has filed with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 520-2019-00851) ("the Espinosa EEOC Charge"), Plaintiffs shall withdraw, in writing and with

prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings they have instituted against any Releasee, including but not limited to Plaintiffs' claims in the Lawsuit. Plaintiffs affirm that, with the exception of the Espinosa EEOC Charge, no Plaintiff has instituted any complaint, suit, action, charge, or other legal proceeding against any Releasee that currently is pending other than the Lawsuit;

(c) In exchange for the additional consideration to Plaintiffs as set forth herein and in sub-Paragraphs 3(b)(ii)(3), 3(b)(ii)(6), and 3(b)(ii)(9) below, Plaintiffs also provide in this Agreement a general release of all claims, with the exception of any claims that Plaintiff Espinosa may have under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), or the New York City Human Rights Law ("NYCHRL") relating to the allegations in the Espinosa EEOC Charge;

(d) Except as may be prohibited by law, and except as to any claim that Plaintiff Espinosa may have under Title VII, the NYSHRL, or the NYCHRL relating to the allegations in the Espinosa EEOC Charge, no Plaintiff shall institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against any Releasee, based upon any conduct occurring up to and including the date each Plaintiff executes this Agreement, whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines. After consultation with counsel, except as to any claim that Plaintiff Espinosa may have under Title VII, the NYSHRL, or the NYCHRL relating to the allegations in the Espinosa EEOC Charge, each Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind (including claims under the Fair Labor Standards Act), known or unknown, that he has or may have based upon any conduct occurring up to and including the date each Plaintiff executes this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Fair Labor Standards Act;
- The Immigration Reform and Control Act;

3

- The Americans with Disabilities Act of 1990;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- Title II of the Genetic Information Non-Discrimination Act;
- The Fair Credit Reporting Act;
- The False Claims Act;
- The Workers Adjustment and Retraining Notification Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The Occupational Safety and Health Act;
- The New York City Human Rights Law;
- The New York City Charter and Administrative Code;
- The New York State Executive Law, including the New York State Human Rights Law;
- The New York False Claims Act;
- The New York Civil Rights Law;
- The New York Labor Law;
- The New York wage, wage-payment, wage-theft and all other wage-hour laws;
- The New York Whistleblower Law;
- The Retaliation/Discrimination provisions of the New York Workers' Compensation Law and the New York State Disabilities Benefits Law;
- The New York State Workers Adjustment and Retraining Notification Act;
- The New York Paid Family Act;
- any local or county law, rule or requirement of any kind;
- any other federal, state or local, human rights, public accommodation, product distribution, wage, wage-hour, wage payment, sales or distribution, whistleblower, *qui tam* (or any other action of similar or other nature), retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule, regulation, or ordinance of any kind;
- any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind;

4

- any public policy, any contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- any amendment to the foregoing; and,
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

(e) Plaintiffs understand and agree that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants or Releasees may have with respect to Plaintiffs' claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes this Agreement. Each Plaintiff further affirms that he: (1) has no known workplace injuries or occupational diseases; (2) has not alleged retaliation for reporting any allegations of corporate fraud against Defendants or any other Releasee; and (3) has not alleged that any of Defendants' decisions regarding his pay and benefits during his employment through the date of his separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law;

(f) Each Plaintiff acknowledges that he is no longer an employee or alleged employee of Defendants and each Plaintiff agrees that the employment relationship has been permanently and irrevocably severed, and that he will not apply or re-apply for employment in the future with Defendants or any other Releasee. Defendants (or any other Releasee) shall have no obligation, contractual or otherwise, to hire, rehire or re-employ any Plaintiff in the future. Notwithstanding Mr. Espinosa does not waive any rights or remedies available under Title VII, the NYSHRL, or the NYCHRL relating to the allegations in the Espinosa EEOC Charge.

3. **Defendants' Commitments.** In exchange for the promises made herein by Plaintiffs contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a) Defendant Captain Mike's and Eric B. Schwimmer jointly and severally, agree to provide to Plaintiffs, through their counsel, the total settlement sum of Forty-Eight Thousand Three Hundred Dollars and No Cents ($48,300.00) ("the Settlement Amount") in

5

consideration for and in full satisfaction of all claims Plaintiffs have or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement, with the exception of any claim that Plaintiff Espinosa may have under Title VII, the NYSHRL, or the NYCHRL relating to the allegations in the Espinosa EEOC Charge.

(b) The Settlement Amount shall be provided to Plaintiffs' counsel within thirty (30) days of approval of the Agreement by the court. Plaintiffs' counsel shall not cash any portion of the Settlement Amount, or deliver any portion of the Settlement Amount to Plaintiffs, until the court "So Orders" the Settlement Agreement. The Settlement Amount shall be allocated as follows:

(i) From the Settlement Amount, Plaintiffs' counsel, Michael Faillace & Associates, P.C., will be paid $16,451.33 (including $677 in expense reimbursement and $15,774.33 in reasonable attorneys' fees) as payment for alleged attorneys' fees and costs, for which Forms 1099 shall be issued to Plaintiffs and Plaintiffs' counsel.

(ii) The remainder of the Settlement Amount after the payment to Plaintiffs' counsel (i.e., $31,548.67) shall be paid to Plaintiffs as follows:

(1) One check payable to "Victor Manuel Maldonado" in the amount of $2,050.66, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Maldonado on an IRS Form W-2;

(2) One check payable to "Victor Manuel Maldonado" in the amount of $2,050.66, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Maldonado on an IRS Form 1099;

(3) One check payable to "Victor Manuel Maldonado" in the amount of $100.00, subject to all lawful tax withholdings, as payment for waiver of any non-wage claims, which shall be reportable to Mr. Maldonado on an IRS Form W-2;

(4) One check payable to "Gustavo Perez Zaca" in the amount of $4,101.33, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Zaca on an IRS Form W-2;

    (5) One check payable to "Gustavo Perez Zaca" in the amount of $4,101.33, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Zaca on an IRS Form 1099;

    (6) One check payable to "Gustavo Perez Zaca" in the amount of $100.00, subject to all lawful tax withholdings, as payment for waiver of any non-wage claims, which shall be reportable to Mr. Zaca on an IRS Form W-2;

    (7) One check payable to "Miguel Jimenez" in the amount of $4,890.04, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Jimenez on an IRS Form W-2;

    (8) One check payable to "Miguel Jimenez" in the amount of $4,890.05, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Jimenez on an IRS Form 1099;

    (9) One check payable to "Miguel Jimenez" in the amount of $100.00, subject to all lawful tax withholdings, as payment for waiver of any non-wage claims, which shall be reportable to Mr. Jimenez on an IRS Form W-2;

    (10) One check payable to "Ricardo Espinosa" in the amount of $4,732.30, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Espinosa on an IRS Form W-2; and

    (11) One check payable to "Ricardo Espinosa" in the amount of $4,732.30, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Espinosa on an IRS Form 1099.

  (c) Plaintiffs understand that they must ensure that their respective share of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state, or local taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his respective share of said taxes, any interest, penalties, or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify, and defend Defendants and pay any of Defendants' reasonable legal fees in connection with defending such claims.

  (d) In addition, and as further consideration, Defendants knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all claims, whether known

and/or unknown, they have or may have against Plaintiffs as of the date of execution of this Agreement.

4. **No Other Entitlement Under the FLSA.** As a consequence of this settlement, each Plaintiff affirms that he has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which he is entitled under the FLSA.

5. **Non-Admission of Wrongdoing.** Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

6. **Severability and Modification.**

    (a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.

    (b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

8. **Competence to Waive Claims.** Each Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims as referenced above and to enter into this Agreement. No Plaintiff is affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, each Plaintiff has a clear and complete understanding of this Agreement, as explained to him by his counsel. No Plaintiff is a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle the Lawsuit, to waive all claims, and to indemnify Releasees from any claims by or relating to Plaintiffs.

9. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same

agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

10. **Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully translated and explained to each Plaintiff by his counsel. Each Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all claims that he possibly could have against Releasees, except as to any claim that Plaintiff Espinosa may have under Title VII, the NYSHRL, or the NYCHRL relating to the allegations in the Espinosa EEOC Charge. Each Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b) Each Plaintiff fully understands the terms of this Agreement.

11. **Non Interference.** It is further understood and agreed between the Parties that neither Releasors nor Releasees shall interfere with the legal business operations of the other.

12. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiffs shall be responsible for translating this Agreement to a language fully understood by each Plaintiff, and to fully advise each Plaintiff regarding the terms and conditions of this Agreement. Plaintiffs' counsel affirms that his office has translated and communicated to each Plaintiff the words and explained to each Plaintiff the meaning of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to each Plaintiff by his counsel shall not be a basis to challenge or to set aside this Agreement.

**PLAINTIFFS ARE ADVISED THAT THEY SHALL HAVE TWENTY-ONE CALENDAR DAYS TO CONSIDER THIS AGREEMENT.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAYS CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL MICHAEL**

FAILLACE & ASSOCIATES P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFFS:**

_____
Victor Manuel Maldonado

STATE OF NEW YORK )
) ss.:
COUNTY OF NY )

On the 27 day of Sept, 2019, before me, the undersigned notary, VICTOR MANUEL MALDONADO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

Signature and Office of individual taking acknowledgment

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

_____
Gustavo Perez Zaca

STATE OF NEW YORK )
) ss.:
COUNTY OF NY )

On the 3 day of Oct, 2019, before me, the undersigned notary, GUSTAVO PEREZ ZACA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

Signature and Office of individual taking acknowledgment

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

10

_____
Miguel Jimenez

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF __NY__  )

On the 26 day of Sept, 2019, before me, the undersigned notary, MIGUEL JIMENEZ personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

_____
Ricardo Espinosa

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF __NY__  )

On the 26 day of Sept, 2019, before me, the undersigned notary, RICARDO ESPINOSA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

11

**FOR DEFENDANTS** *Captain Mike's Seafood Restaurant, Inc. (d/b/a Mudville 9), Fiume LLC (d/b/a Mudville 9), and Eric B. Schwimmer:*

By: _____
Eric B. Schwimmer

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF New York )

On the 27th day of Sept., 2019, before me, the undersigned notary, ERIC B. SCHWIMMER personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiate Settlement Agreement on behalf of Captain Mike's Seafood Restaurant, Inc. (d/b/a Mudville 9), Fiume LLC (d/b/a Mudville 9), and himself.

NATALIE PERRIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6389422
Qualified in Bronx County
My Commission Expires 03-25-2023

_____
Signature and Office of individual taking acknowledgment

12

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

VICTOR MANUEL MALDONADO, GUSTAVO PEREZ ZACA, ANTONIO MIGUEL JIMENEZ, and RICARDO ESPINOSA, individually and on behalf of others similarly situated,

                        Plaintiffs,

-against-

CAPTAIN MIKE'S SEAFOOD RESTAURANT, INC. (D/B/A MUDVILLE 9), FIUME LLC (D/B/A MUDVILLE 9), ERIC B. SCHWIMMER, MARK ANDRUS, and MIKE BAKALIAN,

                        Defendants.

---------------------------------------------------------------x

Civ. No.: 1:18-cv-10499 (GHW)

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Victor Manuel Maldonado, Gustavo Perez Zaca, Antonio Miguel Jimenez, and Ricardo Espinosa (together herein "Plaintiffs") and Defendants Captain Mike's Seafood Restaurant, Inc. (d/b/a Mudville 9) ("Captain Mike's"), Fiume LLC (d/b/a Mudville 9), Eric B. Schwimmer, and Mark Andrus (together herein "Defendants"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiffs against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice to Plaintiffs. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

| | |
|---|---|
| *Attorneys for Plaintiffs Victor Manuel Maldonado, Gustavo Perez Zaca, Miguel Jimenez, and Ricardo Espinosa* | *Attorneys for Defendants Captain Mike's Seafood Restaurant, Inc. (d/b/a Mudville 9) ("Captain Mike's"), Fiume LLC (d/b/a Mudville 9), Eric B. Schwimmer, and Mark Andrus* |

MICHAEL FAILLACE & ASSOCIATES, P.C.

    60 East 42nd Street, Suite 4510
    New York, N.Y. 10165
    Tele. (212) 317-1200

By: _____
    Michael Faillace
    Daniel Tannenbaum

Dated: _____

JACKSON LEWIS P.C.

    44 South Broadway, 14th Floor
    White Plains, N.Y. 10601
    Tele. (914) 872-8060

By: _____
    Jonathan M. Kozak
    Isaac J. Burker

Dated: _____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

    SO ORDERED this ___ day of _____, 2019

_____
Honorable Gregory H. Woods
United States District Court Judge

2